UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

May 7, 2018

Landry Belizaire, Esq.
Belizaire & Associates PA,
2 Broad Street, Ste 505
Bloomfield, NJ 07003
*Attorney for Plaintiff*

Wilson David Antoine, Esq.
City of Newark - Corporation Counsel's Office
Law Department, Civil Litigation
920 Broad Street, Rm 316
Newark, NJ 07102
*Attorney for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

 Re: **Lemay v. City of Newark**
    **Civil Action No. 18-2239 (SDW)(CLW)**

Counsel:

  Before this Court is Defendant City of Newark's Motion to Dismiss Plaintiff Robert Lemay, Jr.'s Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendant's Motion to Dismiss the Complaint is **GRANTED.**

 **I.** **BACKGROUND & PROCEDURAL HISTORY**

  On December 25, 2016, Plaintiff was in a motor vehicle accident with Detective Henry Suarez ("Suarez") of the Newark Police Division. (Compl. ¶¶ 4, 15, ECF No. 1-1.) Plaintiff alleges that Suarez, who was off-duty at the time, "attempted to bully [him] into accepting liability for the accident and demanded immediate cash payment for all damages." (*Id*. ¶¶ 15-16.) After the accident, Suarez issued Plaintiff a number of traffic violations, which were subsequently dismissed. (*Id*. ¶¶ 17, 23.)

  On January 23, 2018, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Essex County, alleging violations of his civil rights. (*See generally id.*) On February

16, 2018, Defendant removed the case to this Court. (ECF No. 1.) On March 9, 2018, Defendant moved to dismiss the Complaint. (ECF No. 3.) The motion is unopposed.

## II. LEGAL STANDARD

Rule 8(a)(2) requires a complaint to set forth a "short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading standard under Rule 8 requires "more than an unadorned, the defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations[,]" *Twombly*, 550 U.S. at 555, but conclusory or bare-bones allegations will not do. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotation marks omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the standard for a 12(b)(6) motion to dismiss).

## III. DISCUSSION

As an initial matter, the Complaint fails to cite to any statute or common law theory under which Plaintiff seeks to recover. To the extent Plaintiff seeks to hold Defendant liable under the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:1-1 *et seq.*, that claim fails because Plaintiff did not comply with the statute's notice requirement. The NJTCA requires the plaintiff to submit a notice of claim to the public entity within ninety days of the claim accruing. *See Cruz v. New Jersey*, No. 16-0703, 2016 WL 1337276, at *2-3 (D.N.J. Apr. 4, 2016); *Panarello v. City of Vineland*, 160 F. Supp. 3d 734, 745 (D.N.J. 2016) (citing N.J. Stat. Ann. § 59:8-8a). The notice must state "[t]he date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted" and provide "[a] general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim." N.J. Stat. Ann. §§ 59:8-4c, -4d. Failure to provide notice under the NJTCA effectively waives the claim. N.J. Stat. Ann. § 59:8-8a; *see also Velez v. City of Jersey City*, 850 A.2d 1238 (N.J. 2004). Because Plaintiff failed to submit a notice of claim to Defendant, his tort claim is waived.

This Court notes that even if Plaintiff timely filed a notice of claim, Defendant would be immune from liability for Suarez's willful conduct. N.J. Stat. Ann § 59:2-10 ("A public entity is not liable for the acts . . . of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct.").

To the extent Plaintiff is asserting a *Monell* claim under 42 U.S.C. § 1983, that claim is insufficiently pled. "Under § 1983, to hold a municipality liable for a Constitutional wrong, the alleged violation must be the result of an official policy or custom." *Mrazek v. Stafford Twp.*, No. 13-1091, 2017 WL 1788655, at *9 (D.N.J. May 5, 2017). Here, the Complaint states that Suarez was off-duty at the time of the accident. Therefore, he was not acting under the color law when he allegedly "bullied" Plaintiff. Additionally, the Complaint fails to allege any facts showing that Defendant participated in violating Plaintiff's rights. *See Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 72 (3d Cir. 2011) (explaining that a supervisor may be liable if he participated in violating the plaintiff's rights); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978) (explaining that a "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"). As such, a *Monell* claim is not viable.

To the extent Plaintiff is asserting a claim under 42 U.S.C. § 1986, that claim is time-barred because Plaintiff did not commence this litigation within one year of his claim accruing. 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").

Finally, to the extent Plaintiff seeks to recover against Defendant for allegedly breaching the Consent Decree, that claim is not viable because Plaintiff is not a party to that agreement and the Consent Decree does not authorize a private right of action. 42 U.S.C. § 14141, recodified at 34 U.S.C. § 12601; (Compl., Ex. A. at 15, § I, ¶¶ 1-3).

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Complaint in its entirety is **GRANTED**. An appropriate order follows.

                                                     /s/ Susan D. Wigenton    
                                           **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Cathy L Waldor, U.S.M.J.
                Parties